(Of the fifth circuit, sitting in the first circuit.)

*WARRINGTON AND GIBSON v. UPHAM MANUFACTURING Co.

1. THE DATE IS A MATERIAL PART OF A JUDGMENT.

The date, by which a judgment may be affected if it is sought to be reversed on error, or as to supersedeas bond, or computation of interest, is a material part of the judgment.

2. OVERRULING MOTION AND ALLOWING BILL SUBJECT TO REVIEW ON ERROR.

An order made by the court of common pleas upon a motion to correct an entry changing the date of the overruling of a motion for a new trial, and allowance of a bill of exceptions, is a final order, made in a special proceeding, affecting the substantial rights of the parties, and may be reviewed on error.

3. PROCEEDING TO CORRECT ENTRIES IS GOVERNED BY SECS. 5354, 5357 and 5123 REV. STAT.

A proceeding to correct the date of the overruling of a motion for a new trial, and the date of the allowance of a bill of exceptions, is governed by sec. 5354 Rev. Stat., as to the manner of correcting mistakes, and by secs. 5357 and 5123, Rev. Stat., as to procedure and notice.

---

*For previous decision of the circuit court in this case, holding that journal entry and not bill of exceptions governs as to date of overruling motion for new trial, see 8 Circ. Dec., 127 ; for decision of the circuit court, holding that trial judge loses jurisdiction over bill of exceptions not presented until forty-five days after overruling motion for new trial, see Id., 371.

Warrington and Gibson v. Manufacturing Co.

4.  NOTICE IN WRITING UNLESS APPEARANCE ENTERED OR RECORD SHOWS NOTICE.
    A notice by word of mouth, of a motion to correct mistakes or irregularities in obtaining orders or judgments, under secs. 5354 and 5357, Rev. Stat., is not sufficient, in view of sec. 5123, Rev. Stat., providing that when a notice of a motion is required it must be in writing, unless there is something in the record to show that the party received notice or entered an appearance.

ADAMS, J.

We are asked to reverse an order and judgment made April 11, 1898, directing an amended judgment purporting to have been made June 29, 1895, so as to make it appear that it was made and entered July 22, 1895, and that the order allowing the bill of exceptions was made and entered September 9, 1895, instead of June 29, 1895, as it originally appears.

The judgment in the court below, that is the main judgment, was in favor of the plaintiffs, Warrington and Gibson, and against the Upham Manufacturing Co.

The Upham Manufacturing Co. has prosecuted error through the circuit court to the Supreme Court of the state of Ohio. As we understand it, the proceeding is still pending. The original judgment was rendered some time in 1895; as the entry originally stood, on June 29, 1895. The motion for a new trial was overruled and judgment entered, and the bill of exceptions allowed and the entry allowing it entered on the same day. Nearly three years thereafter the Upham Manufacturing Co. filed its motion in the court of common pleas to correct that entry, so as to show the true dates to have been July 22 for the overruling of the motion, and September 9 for the entry allowing the bill of exceptions. Such an order is a final order, made in a special proceeding and affecting the substantial rights of the parties, and may be reviewed, and, if erroneous, reversed on error.

We think that the date of a judgment is a material part of it. It affects the judgment very materially when it comes to the question of having it reviewed on error; it may affect it as to the supersedeas bond; it would affect it slightly as to the computation of interest. It is a material part of the judgment.

The plaintiffs in error in this proceeding claim that this proceeding before the common pleas, to correct the date of his entry, was without notice to them, without their knowledge, and while affidavits were filed in support of that motion, there is no bill of exceptions, and those affidavits are not before the court.

This proceeding is governed by sec. 5354, Rev. Stat., which provides when and how the common pleas or circuit court may vacate or modify its judgment or order, after the term, and provides for correction of the mistake, negligence or omission of the clerk, or irregularity in obtaining a judgment or order.

This is clearly for a mistake. This is the ground on which the manufacturing company proceeds.

Section 5357, Rev. Stat., provides that the proceedings to correct mistakes or omissions of the clerk or irregularity in obtaining the order or judgment shall be by motion, upon reasonable notice to the party or attorney in the action. It is claimed here that no notice was given. On the other hand, it is contended that, while no written notice was given, actual notice was given by word of mouth.

Section 5123, Rev. Stat., provides that when notice of a motion is required it must be in writing. So that this disposes of that question unless there is something in the record to show that the party received notice, or entered an appearance

But the journal entry in this case is silent on that subject. It is silent on the subject of notice, and there is nothing in that entry to show that the party waived the notice by appearance or otherwise.

Counsel have cited us to Hettrick v. Wilson, 12 O. S., 136, which, we think, is decisive of the question:

"Where a final judgment in a cause has been rendered by the court of common pleas, it is error for the same court to vacate such judgment at a subsequent term on the motion of one of the parties without notice to the other party or his attorney. Where the record is wholly, silent in regard to such notice and no waiver is shown by appearance, no presumption of notice can be admitted to prevent the direct impeachment of the order vacating the prior judgment."

It may be said here that this did not vacate the prior judgment; that it simply changed the date; but if the court has power, on a mere application of a party, without notice to the other party, to correct a date, the court, by the same exercise of power, may correct the amount or may wholly set aside the judgment, at any time within three years after judgment is rendered.

On this authority and the sections of the statute to which I have referred, we are of the opinion that the action of the court of common pleas, in amending and correcting this judgment, so as to show that they were entered at different dates from that of the original entry, without notice to the other party, was unauthorized,, and is, therefore, reversed.

*W. W. Prather*, for plaintiffs in error.

*H. P. Lloyd*, for defendant in error.